## HOWELL v. DINNEEN.

1. Comp. Laws 1887, § 5651, declares that the proceedings of county courts are construed in the same manner as the proceedings of courts of general jurisdiction, and that to its records, orders, judgments, and decrees are accorded like force as to those of circuit courts. Sections 5758 to 5762 authorize the county court to remove executors and administrators. By orders of a county court, an administratrix was removed, and directed to turn over to her co-administrator all the property of the estate in her possession, No appeal was taken from this order. Held, that a temporary injunction restraining the co-administrator from taking possession of the property in obedience to the order removing the administratrix was properly dissolved.

2. Under Comp. Laws 1887, § 4991, providing that, if an injunction be granted by a judge without notice, the defendant may apply, upon notice, to vacate or modify the same, and that the application may be made upon the complaint and the affidavits on which the injunction was granted, or upon affidavits upon the part of the defendant, with or without the same, a motion to dissolve a temporary injunction, stating that, upon defendant's answer, an affidavit of another party, and also upon all the papers, records, and files of the county court referred to in the answer, the defendant would move to dissolve the temporary injunction, sufficiently stated the grounds of the motion.

3. Under Comp. Laws 1887, § 4991, an application to dissolve a temporary injunction, made upon affidavits, answer, and certain findings and orders of the county court referred to in the answer, was not defective because not containing a copy of the findings and orders referred to,

where all of such findings and orders were made in proceedings in which the parties to the injunction suit were parties, and were of record in the same county, and in the custody of the clerk of the court in which the injunction suit was instituted.

(Opinion filed May, 8, 1903.)

Appeal from circuit court, Beadle county, Hon. J. H. Mc-Coy, Judge.

Action by Addie Howell against Michael Dinneen. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

*K. W. Wheeler*, for appellant.

*H. S. Mouser*, for respondent.

CORSON, J.  This is an appeal from an order dissolving a temporary injunction. · It is alleged in the complaint, in substance, that the plaintiff is the widow of one Henry N. Howell, who died in December, 1899, leaving a will; that by said will he gave and bequeathed all of his personal property and certain lots in Sioux City, Iowa, and a life estate in ten quarter sections of land in Beadle county, in this state, to the plaintiff; that the lands in Beadle county, subject to the life estate of his widow, were bequeathed to his five sisters; that he appointed his said wife executrix, and one Fayant, of Lebanon, Mo., executor, of his last will; that said will was duly admitted to probate by the county court of said Beadle county on the 18th day of January, 1900, and the said widow duly qualified as executrix; that on the 17th day of December, 1900, the said county court of said county, by order, removed the said plaintiff as executrix, and the said Fayant as executor, of said estate, and revoked their letters testamentary; that on the 27th day of December, 1900, the county court reappointed the said plaintiff as

administratrix, and the defendant, Michael Dinneen, adminis-
trator; of the said estate, with the will annexed; that the said
plaintiff and the said defendant duly qualified and entered upon
the discharge of their duties as such administratrix and admin-
istrator. It is then alleged that the administration is closed,
but that the said defendant threatens to dispossess the said
plaintiff of her personal property, and to seize the rents, rev-
enues, and profits of her said lands, and to assume the whole
control of the estate of the deceased. The plaintiff demands
judgment that the said defendant be enjoined from carrying
into effect his threats and designs aforesaid until the further
order of the said court, and upon the final hearing that the said
injunction be made perpetual, and that the plaintiff recover her
damages and costs.

The plaintiff served in connection with her complaint an
affidavit setting forth substantially the facts set out in her com-
plaint. Upon the complaint and affidavit a temporary injunc-
tion was granted, without notice to the defendant. The de-
fendant thereupon moved to dissolve the said temporary in-
junction upon his answer and the affidavit of one J. B. Coomer,
and also upon all the papers, records, and files of the county
court referred to in his answer. The answer referred to and
made a part of the same various findings and orders of the
county court, including the order of date of September 10,
1901, the concluding portion of which is as follows: "It is or-
dered that the letters of administration with the will annexed,
of said Addie Howell, be, and the same are hereby, revoked,
and she is hereby ordered to turn over the property of said
estate to her co-administrator with the will annexed, Michael
Dinneen, and she is hereby removed from being administra-

trix with the will annexed of the said estate of Henry N. How-
ell, deceased, and she is further directed and required not to
in any way interfere with the administrator with the will an-
nexed of the estate, Michael J. Dinneen, in his administration
of said estate." Also the order of the said court bearing date
of the 17th day of January, 1902, the concluding part of which
reads as follows: "It is therefore ordered that said Addie
Howell within five days of the service of this order turn over
to the said administrator with the will annexed of said estate,
M. J. Dinneen, all of the personal property above enumerated
specifically, also said certificates and tax receipts, and also
that she fully account with said administrator for the money
on hand belonging to said estate, and pay the same over into
his hands. It is further ordered that said administrator take
possession of said personal property, and proceed with the ad-
ministration of said estate, and that, if it becomes necessary to
sell or dispose of any portion of said personal property, he shall
do so under the order and direction of this court. It is further
ordered that said Addie Howell shall not, prior to her com-
pliance with this order, sell or dispose of, or in any manner
incumber, any portion of said property."

It will be seen that the plaintiff was removed as executrix
of the said estate of the deceased on the 17th day of December
1900. From this order she took an appeal to the circuit court,
where the order of the county court was affirmed May 9, 1901.
Subsequent to her removal, and before the appeal was dis-
posed of in the circuit court, tow it, on the 28th day of Decem-
ber, 1900, she was appointed administratrix, and the defendant
appointed administrator, with the will annexed. It will be ob-
served that subsequently, in September, 1901, she was re-

moved by the county court as administratrix, and was directed to turn over to the defendant, as administrator, all the property in her possession or under her control as such, and that by order of the county court of date of January 17, 1902, she was ordered to turn over said property to the defendant, as administrator, and he was directed to take possession of the same. So far as the record discloses, no appeal has been taken either from the order revoking the letters of administration, or from either of the orders of the court directing her to turn over the assets of the estate to the defendant. The appellant, in his brief, states: "The only contention in this action is, who shall pay the taxes levied upon the real estate of Henry N. Howell, deceased, for the year 1899?" In the view we take of the case this question is not properly before this court, nor was it properly before the circuit court. Whether the orders of the county court were authorized by the evidence before that court could only be determined by an appeal to the circuit court from the orders made. By section 5651, Comp· Laws 1887, relating to county courts, it is provided: "The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there are accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of [circuit] courts." It will thus be seen that to orders of that court in matters within its jurisdiction the same effect is given as is given to the records and judgments of the circuit court. The orders of that court, therefore, were conclusive, and the circuit court was without jurisdiction to review the orders of the county court in an injunction proceeding. The county court

is authorized to remove executors and administrators for various causes specified in the statute (sections 5758 to 5762, Comp. Laws 1887, inclusive). The orders, therefore, of the county court removing an executrix or administratrix, and requiring her to turn over the property in her hands to her co-administrator, from which no appeal has been taken, are, like judgments of the circuit court, conclusively presumed to be made upon sufficient evidence, and are not ordinarily subject to collateral attack. It being clearly shown by the records of the county court in the case at bar that the defendant, in taking possession of the property of the estate, was acting in obedience to the orders of that court, from which no appeal had been taken, the circuit court was clearly right in dissolving the temporary injunction.

It is further contended on the part of the appellant that the notice of motion to dissolve the injunction was insufficient in that it failed to specify the grounds upon which the motion would be made, and also in that it failed to contain copies of the findings and orders of the county court referred to in the answer, and also in that it failed to specify that the motion would be made upon the summons, complaint, and all the other proceedings in the action. This contention is clearly untenable. Section 4991, Comp. Laws 1887, provides: "If the injunction be granted by a judge of the court, without notice, the defendant at any time before the trial may apply, upon notice, to a judge of the court in which the action is brought, to vacate or modify the same. The application may be made upon the complaint and the affidavits on which the injunction was granted, or upon affidavits upon the part of the defendant, with or without the same." In this case notice was given that

upon his answer and the affidavit of one J. B. Coomer, and also upon all the papers, records. and files of the county court referred to in the said answer, the defendant would move the court to dissolve the temporary injunction. It will be observed, therefore, that the motion was not made upon the complaint and affidavit upon which the injunction was granted, but upon the affidavits on the part of the defendant with the answer. The grounds, therefore, of the motion, sufficiently appear from the notice, namely, that upon the defendant's affidavits and answer the injunction should be dissolved. The records referred to in the answer, and made a part thereof, were the findings and orders of the county court, entered of record in that court; and as they were records made in the proceedings in which the plaintiff was a party, and the defendant, in effect, a party, as the petitions upon which the findings and orders were made were presented by him to the county court, these findings and orders were presumptively within the knowledge of the plaintiff. It would seem to be unnecessary to serve copies of such records, with the affidavits and answer served with the motion to dissolve the injunction. While ordinarily copies of all documents to be used on the hearing of such a motion should be served with the answer and affidavits, yet where, as in the case at bar, the records are voluminous, and are made in proceedings between the parties, and are of record in the same county, and in the custody of the clerk of the same court in which the action is instituted, it is sufficient, we think, that these records be referred to in the answer or affidavits upon which the defendant relies.

For the reasons herein set forth, we deem it improper for the court to express any opinion upon the questions suggested

by the counsel for appellant, or upon any question involved in the orders of the county court set forth in this proceeding.

We are of the opinion that the circuit court was clearly right in dissolving the injunction, and the order of that court is affirmed.