## In re NELSON'S ESTATE.

Where testator, prior to the execution of his will, had executed deeds to his children and left them in escrow with the executor named in the will, and the will called attention to the deeds that had been or might be executed and delivered to the executor in escrow for delivery after his death to the respective grantees, and, subsequent to the will, testator executed and delivered another deed, so that all his real estate was covered by the deeds, the executor was a mere custodian of the deeds and not a trustee of the lands conveyed thereby, and he was not entitled, as trustee, to the fees which would have been allowed if, as executor, he had handled the estate conveyed.

Where an executor received about $2,600 of personality, consisting chiefly of cash and certificates of deposit, and where, from the nature of the balance of the property, he was called on to perform but limited services, the statutory compensation, based on the value of the estate, was a liberal compensation for his services as executor, and for the legal services rendered by a firm of attorneys of which he was a member.

A petition by adult heirs and on behalf of minor heirs to open a decree of the county court approving the final report of the executor and distributing the estate, to correct an error resulting from an erroneous allowance to the executor and his attorney, which purports to be a petition of persons interested in the estate, and which sets forth facts showing that the allowance is erroneous as a matter of law, and which avers the fact of the minority of heirs and presentation of the petition on their behalf, is, as to such heirs, a sufficient petition within Prob. Code, § 287, authorizing persons laboring under any legal disability, to move to reopen the account of executor before final distribution; the term "legal disability" including minority, though the minors have a guardian.

The only exception to the rule that, under the Probate Code, a decree allowing a final report of an executor is conclusive except as against an appeal or relief in another court, is in favor of those under legal disability, within Prob. Code, § 287, authorizing persons under any legal disability to move to reopen and examine the account of the executor, and persons under legal disability have an absolute right to have a decree opened for any cause for which an appeal may be taken.

Under the statute authorizing a minor to appear by a guardian, a guardian of a minor heir may present, on behalf of such heir, a petition, under Prob. Code, §287, to open a decree of the county court approving the final report of the executor and distributing the estate.

(Opinion filed December 14, 1910.)

Appeal from Circuit Court, Clay County. Hon. E. G. SMITH, Judge.

Petition by Nels Nelson and others, legatees under the will of Erick Nelson, deceased, to open the final account of C. J. Gunderson, executor. From a judgment of the circuit court, opening the decree for re-examination of the final account rendered on appeal from an order of the county court denying the petition, the executor appeals. Judgment of the circuit court affirmed.

*Thomas Sterling,* for appellant. *French & Orvis* and *Payne & Olson,* for respondents.

WHITING, P. J. One Nelson died a resident of Clay county, S. D., leaving a will in which appellant was named as executor. Such will was admitted to probate and the appellant appointed executor. Said estate having been fully administrated upon, the appellant, as executor, presented to the county court his final report, together with a petition for distribution of the estate. Date for hearing such final report arrived and no objection being filed thereto, such report was, by decree of the county court, in all things approved and allowed. Within a very few days and prior to final distribution of said estate, the heirs of the deceased petitioned such county court to reopen the said decree allowing final report and to consider certain objections which they presented thereto. Order to show cause based upon such petition issued, and, upon the return thereof, the county court refused to open said decree; the court, in its order, basing such order upon the ground,

"that the court is without jurisdiction to open said decree, and that the allowance of the account of said executor on final settlement is conclusive, and that no cause is shown by said petitioners or any of them in said petition for the opening of said decree and the re-examining of said account, and that said petition alleges no facts which would confer jurisdiction upon the court to open up said decree or grant the relief prayed for by said petitioners, or any of them." The heirs of deceased appealed to the circuit court from such order of the county court, appealing upon questions of law only; and judgment entered in circuit court reversing the order of county court, and this appeal is from such judgment of the circuit court.

The circuit court in its judgment found, "that the county court erred in each and all of its considerations and findings in its order, * * * and erred in making said order; that sufficient cause is shown by said petitioners, Muriel Catinca Leikvold and Margret Luella Leikvold, the minor persons above named, for opening said decree, allowing the final account of said executor and for re-examining said account."

All the matters herein appear of record; there is, therefore, no dispute as to the facts. Appellant contends that the decree of the county court should have been affirmed for each one of the four reasons set forth in appellant's objections to respondent's petition interposed in the county court, and in order to understand the questions thus raised a brief recital of the facts is necessary.

The deceased, Erick Nelson, had, prior to making his will, executed several deeds describing tracts of land owned by him, such deeds running to different of his children as grantees, which deeds had not been delivered to said grantees, but had been left in escrow with appellant. In the year 1904, he made his will, which provided that all of his property that had not been deeded away, "as hereinafter mentioned," should be divided among his children. The will further called attention to the fact that deeds had been theretofore executed, and might thereafter be executed, covering testator's lands, and that the same had been or would be delivered to testator's executor to hold in escrow, and to be by such executor

delivered. After making said will the testator executed another deed; the result being that all his real estate was covered by deeds thus left in escrow and to be delivered upon his death. The will was left in the possession of the party named as executor; said party being also a subscribing witness thereto. After the death of said Nelson, a petition was prepared, signed by the heirs, with the consent of appellant indorsed thereon, asking for the admission to probate of said will, and the appointment of appellant as executor. The order admitting such will to probate recites that the law firm of Gunderson & Gunderson appeared in support of such petition. This appellant is a member of said firm. The petition, as filed, listed all of said lands, but called attention to the fact that deeds had been left in escrow with appellant. The petition listed the personal property, showing the value thereof to be $2,500. An appraisement of this estate was made and the appraisement as returned described said real property as a part of such estate, and placed a valuation thereon of $29,120. An order of sale of personal property was obtained, and a sale of same had thereunder. Some nine months elapsed between the appointment of such executor and his final report filed. Such final report shows that the bulk of said personal estate came to appellant in the form of cash or certificates of deposit, and that, from the nature of the balance of said estate, the appellant as executor could have been called upon to perform but very limited services. In said report there is no claim made of extraordinary services performed, and, in fact, under such report, it would be impossible to conceive of an estate with as much personal property calling for less services upon the part of an executor. The report shows that the executor received some $2,600 from said personal property. Among the items for which he sought to be credited, and was by the county court credited, are $250, as attorney's fee allowed to A. B. Gunderson, the other partner in the said firm of Gunderson & Gunderson; also $867.88, allowed as executor's commissions upon said estate; such report claiming commissions based upon the full value of the personal property left by deceased, together with the value of all the real estate described in the said deeds left with appellant

in escrow. Two of the heirs, grandchildren of the deceased, were minors. The petition asking for opening of decree of county court was signed by their guardian and by all the adult heirs, and was sworn to by some of the heirs, but not by the guardian. The lands described in the several deeds were appraised and inheritance taxes paid thereon by appellant, as executor.

Appellant contends that he was entitled to the commissions claimed, but in support of such contention does not attempt to maintain that said lands were conveyed by the will and were a part of the estate. He claims that there was a trust imposed upon the executor in regard to the real property and the title thereof, and that it became the duty of appellant, as trustee, to have the property appraised for taxation purposes, under the inheritance tax law of this state. Appellant contends that, as a trustee of such property, he was, under the statutes of this state (no compensation being fixed by agreement), entitled to the same compensation as trustee that he would have been as executor, if the land had passed as a part of the estate. The fallacy of these positions needs little argument to expose same. Appellant as executor had nothing to do with appraising the land. The appellant never became a trustee of said land, but merely the trustee or custodian of the paper deeds relating thereto. If a mere deposit of title papers constitutes a repository the trustee of the lands described in such papers, and, as such trustee, entitled to the fees allowed an executor for handling an estate, it would be well for the public to be advised thereof lest they fall victims to the rapacity of banks and trust companies that are accustomed to be made repositories for title papers in closing land deals. Even if, under the statute, the appellant believed he was legally entitled to retain the unconscionable sum claimed by him, still he could not but recognize the fact that such a sum was unconscionable. We have no hesitancy in saying that the amount of compensation fixed by statute, based upon the value of the personal estate and which amounted to some $115, would be an exceedingly liberal recompense for all services both legal and otherwise performed by appellant, or the firm of which he was a member, and that the county court should not have allowed more.

Appellant, an officer of this court, comes before us and virtually says: "Even if my report contained illegal and even unconscionable charges, the court approving such report and allowing such charges was without jurisdiction to reopen the hearing of such report." We regret that one of our profession, to whom a special trust of the most sacred nature had been confided, had not seen fit voluntarily to restore to his trust estate the sum wrongfully taken therefrom, or, in case he thought he was legally entitled to such sum taken, seen fit to submit to the courts the single question of the legality of the charges.

The question thus presented to us resolves itself to the one point, whether or not the county court had jurisdiction to act upon a petition seeking to reopen the decree in order to right the error the court had committed. The circuit court, in holding that the county court had such jurisdiction, clearly based its holding upon the fact that the petition was presented on behalf of, not merely the adults, but also the minor heirs; and we take it that it was undoubtedly the view of the circuit court, that the relief prayed for could not have been granted under proceedings by petition and motion, if such moving parties were adults, but that adults would have to be left to the remedy by appeal from said decree, or to such remedy as they might have through an independent action in another court. It is, therefore, clear that the circuit court based its judgment upon section 287 of the Revised Probate Code, which reads as follows: "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of such account is prima facie evidence of its correctness."

Appellant contends that it is apparent, upon the face of the petition presented to the county court, that it was not presented under the above section, but must have been presented upon the

theory that all the heirs had a right to have the decree opened up owing to "oversight, accident, or mistake" entering into such decree; there being no other ground set forth. Appellant contends that this is shown in the fact that the petition purports to be the petition of "persons in any way interested in the estate," and such petition did not purport to be based upon the "legal disability" of any petitioners. It is the claim of appellant that the record clearly shows that the decree as rendered was in no manner the result of "oversight, accident, or mistake," and that, therefore, even conceding that upon that ground the decree might be opened up, yet the county court, under the undisputed facts, could not grant such petition. Appellant contends that the petition before the county court was not the petition of the minors, but of the guardian of said minors, and that, for that reason, it did not come under section 287, supra.

We are of the opinion that the appellant is wrong in his contentions. Conceding that the record clearly shows that there was no "oversight, accident, or mistake," yet the petition clearly and fully showed that the allowance of the attorney's fee and commissions in question was an error. Such petition also showed that it was presented upon behalf of the two minors. Striking from said petition all the allegations concerning "oversight, accident, or mistake," thus rendering the petition of no force so far as the adult heirs were concerned, yet there would be a petition signed in behalf of the minors, reciting the fact of their minority, and setting forth facts showing the decree to be wrongful as a matter of law. Certainly such petition is all that is necessary under section 287, supra.

The aim of our Probate Code is clearly to make the decree allowing a final report a finality so far as that court is concerned, and to compel those aggrieved to resort to an appeal or other relief in some other court. The only exception from this strict rule being in favor of those under disability, and to them is given an absolute right to seek, by petition in county court, what adults must seek elsewhere, but granting this privilege only until final distribution of the estate. The "legal disability" referred to in

said section 287 includes minority, and this disability exists even where the minor has a guardian. 25 Cyc. 1406; Keating v. Michigan Central R. R. Co., 94 Mich. 219, 53 N. W. 1053; Grimsby v. Hudnell, 76 Ga. 378, 2 Am. St. Rep. 64. The right of an infant to have the decree opened is an absolute right to be granted it for any cause for which an appeal could be taken. 22 Cyc. 697; Ralston v. Lahee, 8 Iowa, 17, 74 Am. Dec. 291. It therefore appears, as above stated, that the infant has this right absolute and up to final distribution of estate. Must such right be invoked by the minor in person? It is certainly apparent that it need not be. It surely was not contemplated that a minor of very tender years, who could neither read nor write, must sign such petition. Furthermore, under our statute, if a minor has a guardian, he may appear by such guardian, and if not, it is the duty of the court to appoint a guardian to appear for him. It must therefore be clear that the minor may act and should act through a guardian in presenting such a petition as is contemplated by said section 287.

We have, therefore, a petition setting forth all necessary facts, signed by a proper person, and presented within the proper time. It was clearly the duty of the county court to recognize the same, to open up the decree, and to correct the error therein.

The judgment of the circuit court is affirmed.

SMITH, J., taking no part in this decision.