WOOLLEY, et al, Appellants, v. WOOLLEY, et al, Respondents.

(217 N. W. 196.)

File No. 6041. Opinion filed December 28, 1927.)

194

T. M. *Zink,* of Le Mars, Iowa, and *Payne, Olson & Barton,* of Vermillion, for Appellants.

*Wicks & Quinn,* of Scotland, S. D., *Judge & Chapman,* of Sioux Falls, *Clark & Henderson* and *A. L. Wyman,* all of Yankton, and *W. H. Glynn,* of Parkston, for Respondents.

*N. J. Cramer,* of Yankton, for Hutterische Gemeinde.

MISER, C. Miles T. Woolley died August 11, 1892, leaving a will containing the following language:

"I give and bequeath all of my property, both real and personal, to my wife, Ellen Woolley, in trust for her support and the support of my children."

The will of decedent was probated, the estate fully settled, and

such proceedings were had that, on the 29th day of April, 1893, upon due and legal notice being given to all persons interested, a decree of distribution was duly made and entered by the county court of Yankton county, in which decree of distribution it was, among other things, provided as follows:

"It is further adjudged and decreed by the court, pursuant to the provisions of the last will and testament of the said deceased, that the interest in and to all the real estate herein described, which was owned by said deceased at the time of his death, be, and the same is hereby, assigned to Ellen Woolley, widow of said deceased, to wit: [Describing the land involved herein]."

Ellen Woolley took immediate possession of all of the land, rented it, collected the rents, paid the taxes, all of which were assessed in her name, kept up the repairs, and, thereafter, executed and delivered her individual deed, with full covenants of warranty, to the following grantees: On July 17, 1897, to the Hutterische Gemeinde, Elm Springs, respondent herein, certain lands in Hanson county, for the sum of $1,600; on August 3, 1901, to the predecessor in interest of the respondent Mashino, certain lands in Hutchinson county, for the sum of $2,240; on May 23, 1907, to respondent Rokusek, certain lands in Yankton county, for the sum of $8,320; on May 28, 1909, to one Rolfs, the administrator of whose estate and whose heirs are respondents herein, certain lands in Yankton county, for the sum of $7,760. The purchase price paid by each grantee was the fair value of the land at that time. All of said deeds were duly recorded shortly after the date and delivery thereof; and, ever since said dates, the grantees therein or their grantees have been continuously in the actual, open possession of said premises, cultivated and improved the same, and paid all taxes levied thereon. All the proceeds of said real property have been used by the said Ellen Woolley for the support of herself and children, or disposed of by her with their knowledge. Ellen Woolley died April 29, 1921, and due notice to the creditors of her estate was given; the first publication of which being May 24, 1921.

Miles T. Woolley had six children, four of whom are plaintiffs and appellants herein, and two of whom, together with the grantees of Ellen Woolley and the holders of mortgages against the land so conveyed by Ellen Woolley, and the administratrix of her estate, are respondents herein. Plaintiffs and appellants seek

to have the deeds so executed by Ellen Woolley declared void, and title quieted in themselves and in the two daughters of their parents, who are named as defendants and respondents.

At the time of the probating of the will of Miles T. Woolley on September 4, 1892, some of appellants were minors; but all of appellants were of legal age at the time of the execution of the first of the foregoing deeds by their mother. Appellant Birney C. Woolley drew said deed of conveyance, and took the acknowledgment of his mother as notary public; and all of appellants knew of said sale and conveyance, and at no time made any objection to said conveyance, or to any of said conveyances, nor, within the time for filing claims against their mother's estate have appellants or any of them filed any claims against said estate by reason thereof.

▮▮▮ The first question which presents itself is whether the will created a trust estate. Appellant contends that the will created a trust estate, giving Ellen Woolley a life estate or an estate in common with her children during her life, with remainder to the six children of the deceased, share and share alike. Respondent contends, without conceding that the will created a trust, that the decree of final distribution contained an absolute assignment of the real property to Ellen Woolley; and that the decree of final distribution is conclusive upon all persons interested who are properly before the court, no appeal therefrom having been taken. Appellants concede, not only that the decree of final distribution, correct or erroneous, is final, but also that, if said decree is erroneous, it is not open to collateral attack. Appellants contend, however, that, not only did the will create a trust estate, but the language of the decree of distribution hereinbefore quoted assigned the property to Ellen Woolley, "pursuant to the provisions of the last will and testament of the deceased," and, therefore, that the property was assigned by the decree of final distribution to Ellen Woolley, as trustee, for the support of herself and the six children of decedent. It is necessary, therefore, to determine the meaning of that paragraph in the decree of distribution hereinbefore quoted. The word "pursuant," contained within the clause of the decree of final distribution referred to, is defined in Webster's New International Dictionary as an adverb, as follows: "Agreeably, conformably, according." As an adjective, it is defined: "Acting or done in

consequence or in prosecution [of anything] ; hence agreeable, conformable, following, according—with to or of." It seems apparent that, if the word, as used, be an adverb, it was intended to modify the words "adjudged and decreed" rather than the words "is assigned," and that the phrase not only occurs, but belongs, and was intended to belong, immediately after the words, "It is further adjudged and decreed by the court," rather than after the words "be and the same is hereby assigned to Ellen Woolley, widow of said deceased." The construction of this paragraph for which appellants contend would not only involve taking the phrase in question from the place where it is found, and where the court in effect says that it has construed the will, and, in accordance with its provisions, has adjudged and decreed, that all the real property of decedent is assigned to Ellen Woolley, his widow, but the construction contended for by appellants would necessarily imply that the county court, charged with the duty of distributing the estate of Miles T. Woolley, as it is charged by section 3469, Rev. Code 1919, and with the duty of construing the terms of said will, failed to do its duty, and thereby compelled recourse to the will itself to find out how the county court intended to distribute the property. But this court has said: "The county court construes every will when it decrees a distribution thereunder" (In re Sjurson's Estate, 29 S. D. 566, 137 N. W. 341), and reiterated this assertion in Thompson v. Lake Madison Chautauqua Association, 41 S. D. 351, 170 N. W. 578. We are of the opinion that the county court intended to, and did, assign the real property in question to Ellen Woolley free from any trust, and that her grantees are not compelled to go back of the decree of distribution to speculate upon the meaning of the will itself.

Whether the construction of the will adopted by the county court was correct or erroneous we do not determine. It may or may not be that the effect of this decree was to adjudicate that a greater estate passed than in reality was conveyed by the will. Thompson v. Chautauqua Ass'n, supra. Appellants concede that, not having been appealed from, it is final under section 3173 and section 3470, Rev. Code.

This disposes of the entire case, and renders it unnecessary for this court either to construe the will itself or to consider whether the statutes of limitation will run against a cestui qui trust, or

whether the period of limitations began with the date of delivery of the deeds of Ellen Woolley or with the date of her death.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.