VAN ORNUM, Respondent, v. SMITH, et al, Appellants.

(254 N. W. 925.)

(File No. 7637. Opinion filed June 1, 1934.)

*Tom Kirby, Hans Hanson,* and *Alex Rentto,* all of Sioux Falls, for Appellant.

*Dunham & Dunham,* of Clark, for Respondent.

RUDOLPH, J.   The facts in this case are stipulated.   The defendant B. L. Smith was, on January 5, 1922, named as executor of the estate of Emily Larrison-Bergen, deceased.   To qualify he filed a bond executed by the defendant Western Surety Company. One paragraph of the will of Emily Larrison-Bergen is as follows: "Sixth:  I direct that Five Hundred Dollars ($500.00), be placed on deposit on interest in the Conde Bank at Conde, South Dakota, and that the interest from the same each year is to be used by said bank for the upkeep and maintenance of the Larrison Lot in the Clark Cemetery, at Clark, Clark County, South Dakota, and the balance of the interest is to be used each year for the upkeep and maintenance of the whole of said cemetery and to be paid to such organization as may have charge of improving the same."   B. L. Smith at the time of his appointment, and until the 18th day of June, 1926. was the president and managing officer of the Conde Bank.   On the 18th day of June, 1926, the bank failed.   On the 14th day of February, 1931, B. L. Smith presented to the county court a report and account of his administration of the estate, together with his resignation as executor.   In the report of the said B. L. Smith it was represented to the court that he, as such execuor, had certificates of deposit in the Conde Bank in the amount of $2,164.86.   The court fixed a time and place for

the hearing of the report and resignation. A notice of the hearing was given to the defendant Western Surety Company. On the date fixed for the hearing, the court entered its order, wherein it ordered that assets of the estate represented by certificates in the Conde Bank in the amount of $2,164.86 be delivered by the said B. L. Smith to an agent appointed by the court for this purpose, and that the amounts represented by the certificates be paid over to the said agent in cash after deducting certain items allowed to the executor. The $500 referred to in paragraph sixth of the will was retained by the executor and was never set apart in any manner from the other money belonging to the estate. This action was commenced against B. L. Smith and the Western Surety Company to recover the amount decreed by the county court in its order to be turned over to the agent for the estate. The court entered a judgment against both defendants for the full amount. This appeal is taken by the Western Surety Company. The surety company admits its liability, except for the $500, and contends it is not liable for interest prior to the commencement of this action.

It is the contention of the surety company that $500 of the amount represented by certificates of deposit in the Conde Bank was the $500 referred to in paragraph sixth of the will; that this was a trust fund for which the executor, as such, was not liable. The respondent takes the position that whether this $500 constituted a trust fund for which the executor was not liable is no longer material, because of the fact that by the order entered by the county court on the 12th of March, 1931, the liability of the defendants, Smith and Western Surety Company, became fixed, and, unless there was an appeal from this order of the county court, it became final and binding upon the surety company as well as the executor.

This court in the case of Broast v. Interstate Surety Company et al, 48 S. D. 581, 205, N. W. 717, 721, said: "The final decree of distribution in the county court is a binding adjudication by a court of competent jurisdiction. Manifestly, the administratrix herself could not take advantage of her own fraud to attack the same. It is the rule that the decree of distribution of the court of probate is binding upon the executor or administrator and his sureties, although the sureties are not parties to the proceedings, and that said decree is not subject to collateral attack in the ab-

sence of fraud, but is conclusive as against the sureties, and imports the same degree of verity as judgments of a court of record. Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Treweek v. Howard, 105 Cal. 434, 39 P. 20; McDonald v. People, 222 Ill. 325, 78 N. E. 609; Harter Co. v. Geisel, 18 Cal. App. 282, 122 P. 1094; State ex rel Whitlow v. Am. Surety Co., 191 Mo. App. 191, 177 S. W. 1074."

In the case of Howell v. Dineen, 16 S. D. 618, 94 N. W. 698, 699, it was said: "The orders, therefore, of the county court removing an executrix or administratrix, and requiring her to turn over the property in her hands to her co-administrator, from which no appeal has been taken, are, like judgments of the circuit court, conclusively presumed to be made upon sufficient evidence, and are not ordinarily subject to collateral attack." The above rule was followed in the case of Woolley v. Woolley, 52 S. D. 193, 217 N. W. 196.

The appellant makes the contention that the judgment of the county court, in so far as it affects this $500, is absolutely void. We cannot agree with this contention. The court had jurisdiction to enter the order it did enter, and the fact that it erred, if it did err, in determining the amount for which the executor should account, does not render the judgment void and subject to collateral attack. There was no attempt by the county court to terminate any trust or to appoint any new trustee. The only matter the county court litigated was the amount for which the executor should account to the agent. This matter was determined by the county court and, under the authorities above cited, this determination of the county court is final and not subject to an attack such as is attempted to be made here.

The appellant contends that under the authority of the case of Clark County v. Howard, 58 S. D. 457, 237 N. W. 561, defendant should not be charged with interest until the commencement of this action. Appellant contends that no demand was made before the action was commenced, and that no interest is chargeable until demand is made. The rule established in the Clark County Case was limited to the facts disclosed in that case. In this case we have a fact situation which distinguishes it from the Clark County Case. Here the liability of the defendants became fixed by virtue of the

order of the county court made on the 12th day of March, 1931; the defendant Western Surety Company admits receiving a copy of this order of the county court on the 6th day of April, 1931, and the court charged the surety company with interest from this date. Under these facts and under the reasoning in the Clark County Case, the court properly fixed the time when interest should commence to run as against the surety company. The real basis for the decision in the Clark County Case was that the surety company had no opportunity of discovering the defalcation upon which liability was there predicated, and that it was not at fault in not paying the money at the time it was embezzled because of this lack of opportunity. Also in the Clark County Case the amount of the liability was undetermined. In this case where we have the amount determined by a court order, the surety company advised of the amount, there seems to be no valid reason why the surety company should not be charged with interest at least from the time it is so advised.

The judgment appealed from is affirmed.

All the Judges concur.