CLAUSON, et al, Respondents, v. WESTERN SURETY COMPANY, et al, Appellants.

(264 N. W. 726.)

(File No. 7856.  Opinion filed February 1, 1936.)

*Tom Kirby* and *Hans Hanson*, both of Sioux Falls, for Appellants.

*B. O. Stordahl,* of Sioux Falls, for Respondents.

CAMPBELL, J.  Berthina Servold died intestate in Norway December 8, 1924, leaving as her heirs at law her son Johannes Servold and her five grandchildren, all children of a deceased son, Nels Servold.  The decedent left some property in Norway, where her estate was duly probated and distributed, and also left a note secured by real estate mortgage on property in Miner county, S. D.  On January 12, 1926, defendant Johannes Servold petitioned the county court of Miner county for letters of administration on the estate of Berthina Servold and was appointed such administrator and qualified on February 18, 1926.  He gave notice to

creditors and filed an inventory, listing as the sole assets of the estate in Miner county the note and mortgage above mentioned. Servold as administrator foreclosed the mortgage, receiving as the net proceeds thereof $2,734.77, and on September 14, 1926, the county court of Miner county entered its final decree approving the report of the administrator and distributing said sum of $2,-734.77, one-half to the said Johannes Servold, and the remainder in equal shares to the present plaintiffs who are the five children of Nels Servold, deceased. The sums thus ordered distributed by said final decree have been paid to the persons entitled thereto.

Western Surety Company was surety upon the administrator's bond of Johannes Servold.

When Berthina Servold died she had in her possession a bank book showing the deposit in a Norwegian bank of the sum of $761.80, which deposit and bank book were in the following name, "Johannes and Nels Servolds' children." On January 16, 1926, one N. J. Stene secured said sum of money from the Norwegian bank by presenting and surrendering the bank or pass book and sent a draft for the money to Johannes Servold, who duly received it.

After the entry of the final decree in the Berthina Servold estate, but before the discharge of the administrator, on application of the Norwegian Vice Consul as attorney in fact for the children of Nels Servold, the county court of Miner county directed Johannes Servold as administrator to show cause why the $761.80 he had received from N. J. Stene in January, 1926, should not be deemed part of the assets of the Berthina Servold estate and distributed accordingly. The administrator appeared in response to said order to show cause, affidavits and counteraffidavits were filed, and the net result was an order of the county court of Miner county, dated August 2, 1927, holding, in substance, that the draft for $761.80 received by Johannes Servold in January, 1926, was in truth and in fact a portion of the assets of the estate of Berthina Servold in Miner county and directing Johannes Servold to pay over and distribute the same in like proportion as the proceeds of the mortgage; to wit, one-half thereof to himself, and the remaining $380.90 in equal parts to the five children of Nels Servold, deceased.

Johannes Servold never made the payment ordered by the county court of Miner county on August 2, 1927. No appeal has even been taken by any one, either from the final decree of the county court of Miner county in the Berthina Servold estate, or from its order of August 2, 1927.

On July 29, 1933, plaintiff Gurina Clauson and the other four children of Nels Servold commenced this action against Johannes Servold and his surety, Western Surety Company, to recover said sum of $380.90, with interest at 7 per cent. from August 2, 1927. The case was tried to the court; the facts were stipulated, and findings and conclusions were in favor of plaintiffs. From judgment entered thereon and from denial of their application for a new trial, defendants have appealed.

Appellants urge the conclusiveness of the final decree of September 14, 1926, and that the county court of Miner county had no jurisdiction to make or enter the order of August 2, 1927.

■ ■ The application of the Norwegian Vice Consul purporting to act as attorney in fact for the Nels Servold children was made to the county court of Miner county at a time when there was pending in that court the application of the administrator Johannes Servold for his discharge and the exoneration of his bond. The application of the Vice Consul amounted, in substance, whatever its precise form may have been, to an application to vacate the final decree theretofore entered in said court on the ground that the administrator had committed a fraud upon the court and had procured the entry of said final decree by wrongfully and fraudulently concealing from the court the fact that he had in his hands as administrator certain money which was an asset of the estate and which should be distributed as such, in addition to the proceeds of the note and mortgage which he had listed and accounted for as the sole asset of the estate. We think there is no question but that a county court has inherent power, at least at any time prior to the discharge of an administrator, to set aside and vacate a final decree of distribution upon the ground that the same was procured by the fraud of the administrator, notwithstanding any inference to the contrary which may be sought to be drawn from the language of In re Nelson's Estate (1910) 26 S. D. 615, 129 N. W. 113. In the instant case, any questions as to form

or procedure or any question as to whether the Vice Consul as attorney in fact was the proper party to make such application were waived by the administrator by appearing without objection in the county court and contesting the matter upon the merits.

The order of the county court of August 2, 1927, amounted, in substance, although not so entitled, to an order modifying the final decree previously entered. We think the county court at the time of making that order had all necessary jurisdiction of persons and subject-matter. We think the county court had jurisdiction to determine the fact questions of whether or not the sum of $761.80 received by Johannes Servold as the proceeds of the Norwegian bank deposit constituted an asset of the Berthina Servold estate in Miner county and whether or not said administrator had wrongfully and fraudulently concealed that asset and failed to account for it. The administrator himself voluntarily, and without objection to the form or manner of procedure, participated in submitting these questions to the county court for determination. We think that the county court had jurisdiction, under the circumstances here shown, to make and enter its order of August 2, 1927, which was, in substance, a modified final decree of distribution, and we are of the opinion that said order, however erroneous it may be (and the writer of this opinion at least thinks it was erroneous), is binding upon the appellant administrator and his surety; no appeal having been taken from such order and the time for appeal having long since expired.

The judgment and order appealed from are therefore affirmed.

All the Judges concur.