# FEDERAL LAND BANK OF OMAHA, Respondent v. FJERESTAD, et al, Appellants

(285 N. W. 298.)

(File No. 8184. Opinion filed April 14, 1939.)

*Philo Hall,* of Brookings, and *R. S. Aaby,* of Toronto, for Appellants.

*Walter A. Gronna,* of Clear Lake, and *Otto A. Gruhn* and *Clair L. Kintz,* both of Omaha, Neb., for Respondent.

ROBERTS, J. Defendants appeal from an order overruling demurrer to the complaint.

It is alleged that Andrew P. Fjerestad, the record owner of 240 acres of real estate in Deuel County, South Dakota, and his wife Karine P. Fjerestad, executed and delivered on April 5, 1926, to the Federal Land Bank of Omaha their note for $9,500, and a mortgage upon the real estate as security for the payment of the note; that on or about December 20, 1930, Andrew P. Fjerestad died intestate and left as his heirs at law Karine P. Fjerestad and ten children; that on December 7, 1935, the widow and the other heirs entered into an extension agreement which contains the following provision: "As part of the consideration for any extension that may be granted, I hereby assume and agree to pay, not only the items extended but the entire balance of the debt owing The Federal Land Bank of Omaha under its mortgage loan. This assumption particularly applies where the applicant is not previously personally liable for the loan."

It is further alleged that Ralph Fjerestad, a son of the mortgagors, died intestate on May 15, 1931, leaving as his only heirs at law his mother Karine P. Fjerestad, now deceased; that on March 20, 1937, the surviving children of the mortgagors by quitclaim deed conveyed the land to the mother; and that at the time of the commencement of this action no administrator of the estate of any one of these deceased persons had been appointed. Plaintiff seeks a foreclosure of the mortgage and a personal judgment

against the surviving heirs who signed the extension agreement, but no deficiency judgment is sought against the estate.

Defendants contend that the executor or administrator of a deceased mortgagor, or of a deceased successor in interest, is a necessary party to an action to foreclose the mortgage and that the heirs or devisees need not be joined.

 Title to land of decedents does not vest in their personal representatives, but in their heirs at law or devisees, subject to the control of the county court and possession of these executors or administrators during administration. §§ 700, 3301, Rev. Code 1919; Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; In re Guider's Estate, 63, S. D. 495, 260 N. W. 828.

 The mortgagor, if he remains the owner of the equity of redemption, is a necessary party defendant to an action to foreclose a mortgage; without his presence the primary object of the action, a decree foreclosing the equitable estate and right of redemption, cannot be obtained. Carpenter v. Ingalls, 3 S. D. 49, 51 N. W. 948, 44 Am. St. Rep. 753. In Wiltsie on Mortgage Foreclosure, 4th ed., § 356, it is said: "The heirs of a mortgagor or person who dies intestate seized of the equity of redemption in mortgaged premises are as necessary parties to a foreclosure as the deceased mortgagor or the owner would have been, if the action had been brought in his life-time, as they succeed by operation of law under the statute of descent to the entire interest of the decedent in the property, the same as a purchaser would succeed to such interest by grant." See also Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Buff v. Schafer, 157 Minn. 485, 196 N. W. 661; Reinhardt v. Calhoun, 156 A. 12, 9 N. J. Misc. 914; Woods v. First Nat. Bank, 9 Cir., 16 F. 2d 856; Phillips v. Parker, 148 Kan. 474, 83 P. 2d 709, 119 A. L. R. 801. There is no necessity, however, for making the heirs parties defendant if a mortgagor conveyed his title in the mortgaged premises before his death or if the land was sold under execution or if after his death his interest in the land was sold under an order of the county court.

 Since the object of an action to foreclose a mortgage is to subject to judicial sale and vest the same title or estate in the encumbered property which the mortgagor had at the time of the execution and delivery of the mortgage and not for the possession of the property except as possession may follow the issuance of

a sheriff's deed; the personal representative having only a temporary right of possession and no title to the property, though a proper, is not a necessary party defendant unless a deficiency judgment is sought. Wiltsie on Mortgage Foreclosure, 4th ed., § 360; In re Estate of Hanlin, 133 Wis. 140, 113 N. W. 411, 17 L. R. A., N. S., 1189, 126 Am. St. Rep. 938; Prager v. Wootton, 182 Ark. 37, 30 S. W. 2d 845; Roberts v. Tunnell, 165 Ill. 631, 46 N. E. 713; Hill v. Townley, 45 Minn. 167, 47 N. W. 653.

Defendants cite the case of Kelsey v. Welch, 8 S. D. 255, 66 N. W. 390, as a case lending support to their contention. This was an action against the surviving husband of the mortgagor, individually and as guardian of minor heirs, seeking relief by foreclosure of a mortgage against the one-third interest of the surviving husband and by way of subrogation against the interest of the minors. This court held that the heirs at law being owners of the land, subject only to the control of the county court and possession of the personal representative during administration, were proper, if not necessary, parties defendant and that the administrator was a necessary party defendant because the judgment would result prejudicially to the estate if plaintiff prevailed. The facts in the instant case are distinguishable. Plaintiff is not seeking to revive a lien against the property of the estate.

■ Section 3302, Rev. Code 1919, expressly permits actions founded upon contracts to be maintained against executors and administrators in all those cases where they might have been maintained by or against their respective testators or intestates. It is the rule in some jurisdictions having similar statutes that the executor or admnistrator is the only necessary party in a foreclosure action, but we are not inclined to give the statute this broad construction. The right and liability of personal representatives to sue and be sued are intended to be commensurate with the powers and duties imposed upon them by statute. Executors and administrators do not possess the title. When the statute in question is construed together with the statutes defining the powers and duties of executors and administrators, we must conclude that this statute does not so change the rule as to render it unnecessary to make the persons in whom title is vested parties defendant and to permit the divesting of their title and interest by making the executor or administrator the sole party defendant.

We do not think that the other questions discussed by counsel require consideration.

The order appealed from is affirmed.

All the Judges concur.