Re Smith Estate

COSTELLO, Appellant v. SMITH et al., Respondents

(71 N.W.2d 577)

(File Nos. 9490 and 9491. Opinion filed July 29, 1955)

**Stordahl, May & Boe, R. G. May,** Sioux Falls. for Plaintiff and Appellant.

**Chester H. Smith,** Tucson, Ariz., **Louis H. Smith, Woods, Fuller, Shultz & Smith,** and **H. L. Fuller,** Sioux Falls, for Defendants and Respondents.

BAKEWELL, Circuit Judge.    Appellant, a claimed creditor of Homer W. Smith, deceased, appeals from orders of the Circuit Court of Moody County dismissing his appeals to that court from orders of the county court, vacating Letters of Special Administration of said estate and denying his Petition for Letters of Administration with the Will Annexed therein.

Homer W. Smith died testate on March 29, 1952.    By the terms of his will, his wife Marguerite was the sole beneficiary.    A son, Robert C. Smith, was appointed Administration with the Will Annexed and Letters of Administration were issued to him on April 28, 1952.    Without estimation of its value, the Petition for Letters of Administration refers to 400 acres of land in Moody County, 80 acres of land in Rock County, Minnesota, and 160 acres in Lyman County, South Dakota, as being property of the estate. The Inventory and Appraisement filed on June 2, 1952 makes no mention of the Lyman County land or the Minnesota land, but appraises the 400-acre Moody County farm at $40,000 less a mortgage of $13,500 and taxes in the amount of $500. Other property listed and appraised brought the grand total of the estate to $54,419.39 less indebtedness.

An Inheritance Tax Report and Inventory filed on September 11, 1952 assigned to the Rock County, Minnesota land the value of $8,000, but failed to list any Lyman County land, and reported the 400-acre farm as being of no value because subject to a mortgage in the approximate amount of $13,000 and government liens and past due taxes of about $550.    The report stated that "the mortgage has been foreclosed since administration".    This appears to be a fact as a foreclosure of the mortgage had culminated in a sheriff's sale of the farm to the Travelers Insurance Company, the mortgagee, five days previously upon its bid of $12,994.86.

On October 15, 1952, Louis H. Smith, attorney for the estate, purchased the Sheriff's Certificate of Sale from the insurance company for $13,618.67 and filed for record his assignment thereof. It seems proper here to note that on the death of Homer W. Smith the mortgage was not in default, but was permitted to become in default during probate notwithstanding the reported income from the mortgaged property in 1952 amounted to $3,751.10.

A Final Report and Account with Petition for Distribution was filed in the county court on December 24, 1952, and on that date Order and Notice of Hearing on the Account, Report and Petition was issued out of the county court fixing January 5th as the time for hearing thereof. This report shows a balance of $1,747.30 in the hands of the administrator. The petition represents that certain hospital, nursing, doctor and funeral bills totaling $1,271.30 are preferred claims and are unpaid and that at the time of the closing of the estate there will be $900 due for family allowance. The Report and Petition further alleges:

> "* * * so that the balance above set out, as your petitioner believes, should be used in payment of the preferred claims and family allowance together with the costs and expenses of administration. That there have been common claims filed with your petitioner, but for which there is no money to pay the same."

and further recites:

> "That as appears from the Inventory on file herein, there was real estate belonging to said estate located in Moody County, South Dakota, which was subject to mortgage, which mortgage has been foreclosed, so that said property is no longer an asset of said estate, which real estate, in the opinion of your petitioner, could not be sold for more than the amount of the secured indebtedness against the same, and that there is no other property owned by said deceased to be disposed of or distributed herein. That as appears from the Inventory herein there was other personal property, all of which has been sold and such sale approved by Order of this Court, and the proceeds thereof paid to the holders of mortgages against the same or set aside to the widow under order entered herein exempting said property."

The petition concludes with a prayer for the approval, settlement and allowance of the final account and for the distribution of the cash balance to the preferred creditors named therein and further prays that after such payments and payment of the expenses of administration, any amount remaining be distributed according to the terms of the will. Proof of posting and mailing as required by statute was duly filed, and on February 19, 1953 to which date the hearing had been regularly adjourned, a final decree was made and entered. This decree finds that Notice to Creditors has been given as provided by law and that the time for filing claims has expired; that a true inventory and appraisement of the property of the estate has been filed; that Inheritance Tax Report and Inventory has been filed and an order entered exempting the estate from payment of any inheritance tax; that certain common claims have been filed but not paid; that preferred claims to the amount of $1,271.30 have been settled for $1,170.30; that there remains in the hands of the administrator a cash balance of $577 which should be paid to the Director of Internal Revenue on the claim of the U. S. Government for social security withholdings and other taxes resulting from the business operations of decedent all of which the court adjudged to have priority over the common claims of creditors; the court further found that administrator's and attorney's fees have been waived and that "there is therefore no additional amount to be paid to any of the common creditors or with which to make distribution herein, and said estate is in condition to be closed." The decree then adjudges that the Final Account and Report "be, and the same hereby is in all things approved, allowed and settled, and said administrator be allowed credit for all items of expense and disbursements as shown by said report and by him so paid out. * * * That the balance of Five Hundred Seventy-seven Dollars ($577.00) be paid to the Director of Internal Revenue on social security and withholding tax claim against said deceased * * * that * * * the administrator * * * and * * * surety, be released from further liability * * * there being no further funds with which to pay any of the common claims filed herein or to make any distribution herein."

On the same date, the Administrator with the Will Annexed was discharged. No appeal was taken from this order and decree but more than six months thereafter and on August 24, 1953, the appellant, Tom Costello, claiming to be a creditor, both common and preferred of the Homer W. Smith estate, petitioned the county court for his appointment as a special administrator of such estate and was on that date so appointed. His petition alleged that the estate had a valuable equity of redemption from the foreclosure of the mortgage on the Moody County farm and that the redemption period would expire on September 6, 1953. Immediately following his appointment, appellant as such special administrator, by payment of $2,362.34 to the Sheriff of Moody County procured a Certificate of Extension of the Redemption Period for an additional two years from and after September 6, 1953. On August 31, 1953, appellant filed a petition for Letters of Administration with the Will Annexed which alleged that deceased left an estate in the counties of Moody, Minnehaha and Lyman, and in Rock County, Minnesota, and which further stated:

"that all property left by said deceased has been probated and disposed of in prior court proceedings, * * * except for 400 acres of farm land in Moody County, South Dakota, the value of which is in excess of $30,000.00 and was reported by a former administrator as being worth $40,000.00"

On September 9, 1953, Marguerite C. Smith, widow and sole legatee and devisee of Homer W. Smith appeared specially in the county court and objected to the appointment of appellant as Special Admistrator and moved the court to vacate his appointment as such. Objections were also filed by the said Marguerite C. Smith and by Robert C. Smith, the former Administrator with the Will Annexed, to the issuance of Letters of Administration with the Will Annexed to appellant Costello. On November 14, 1953, the county court vacated and cancelled the Letters of Special Administration theretofore issued to appellant and denied his application for general Letters of Administration with the Will Annexed.

Separate appeals were taken to the circuit court from such orders by appellant Costello and by other creditors.

By separate orders, the circuit court affirmed the decision of the county court and dismissed the appeals.

As is disclosed by his Petition for Letters of Administration, appellant predicates his right to letters on the grounds; first, that the 400-acre farm was not administered upon in the original probate; second, that Robert C. Smith, the former administrator, was lacking in integrity and failed to faithfully discharge his duties to the court and to the persons interested in the estate in that he permitted the property to go to foreclosure for an amount less than its value, and failed to redeem same, and in connivance with others mis-managed the affairs of the estate and made it appear to be an insolvent estate when it was in fact solvent, and that he fraudulently closed the estate and falsely reported to the court that there were insufficient assets to pay the creditors.

The petition alleges that letters should again be issued to the end that proper and legal probate proceedings may be had for the benefit of creditors and other persons interested therein. The Petition for Special Letters alleges that: it has now been discovered that it is necessary that Letters of Administration should be issued again, and pending the appointment of an administrator, a Special Administrator is required because the estate has a valuable equity of redemption which will expire on September 6, 1953.

From this, it is apparent that appellant seeks to subject to further administration the interest of the estate in this farm. It is respondent's contention that the final decree is res judicata and that this proceeding for the issuance of new Letters of Administration after entry of a Final Decree is a collateral attack on such decree.

■ The probate proceeding is regular on its face. The jurisdictional steps including the giving of constructive notice to the appellant and other creditors as required by statute were taken. Being a proceeding in rem, actual notice to the creditors was not necessary. Constructive notice alone was sufficient. Carter v. Frahm, 31 S.D. 379, 141 N.W. 370; Bancroft Prob.Prac., 2d Ed., Vol. III, p. 634, § 835.

Appellant relies on SDC 35.1727 as entitling him to

Letters of Administration with the Will Annexed and to Letters of Special Administration. This statute provides:

"The final settlement of an estate as hereinbefore provided, shall not prevent a subsequent issue of letters testamentary or of administration or of administration with the will annexed, if other property of the estate be discovered, or if it become necessary or proper for any cause that letters should be again issued."

The petition does not assert that any property belonging to the estate has been discovered subsequent to the closing of the probate which by the terms of the statute is a jurisdictional prerequisite to the appointment of an administrator de bonis non. There is plainly no subsequent discovery of assets merely by ascertainment that the court may have erred in the distribution of assets. Bancroft Prob.Prac., 2d Ed., Vol. IV, p. 515.

■ SDC 35.1727 looks only to the completion of administration on subsequently discovered unadministered assets or to some occasion other than the reopening of a distribution. 11b Cal.Jur., Executors and Administrators, § 1291, p. 789.

■ A mere error in the Decree of Distribution not avoiding its conclusiveness on the parties is not a ground for subsequent administration. 11b Cal.Jur., Subsequent Administration—Grounds, § 1322, p. 836; O'Brien v. Reardon, 29 Cal.App. 703, 155 P. 534; O'Brien v. Nelson, 164 Cal. 573, 129 P. 985.

■ The appointment of another administrator for the reasons stated in appellant's petition constitutes a collateral attack on the final decree. Adamson v. Minnehaha County, 67 S.D. 423, 293 N.W. 542; 31 Am.Jur. 205, § 611.

■ Appellant urges that the appointment of a new administrator for the purpose of selling the right of redemption from the foreclosure sale in no manner conflicts with the final decree because such decree contains no provision creating any right of property in any person. It is true that no title is specifically transferred by or originates from the decree, but the decree does by sanctioning the abandonment of the farm as an estate asset release the devisee's title

from liability for the debts of the testator and other conditions of administration so that it was dealt with and disposed of. Title to land of decedents does not vest in their personal representatives but in their heirs-at-law or devisees subject only to the control of the county court and possession of such executors or administrators during administration. Carter v. Frahm supra; In re Guider's Estate, 63 S.D. 495, 260 N.W. 828; Federal Land Bank v. Fjerestad, 66 S.D. 429, 285 N.W. 298, 124 A.L.R. 780.

To subject the property to further administration is a collateral attack on the final decree forbidden by SDC 35.1708 which provides that "Such decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal."

The interest of the estate in the 400-acre farm was inventoried as being subject to a mortgage and was administered upon in the probate proceedings. During administration, it was sold under a Circuit Court judgment for the foreclosure of the mortgage thereon. In the Inheritance Tax Report and Inventory which was approved by the county court, it was reported as having no value; and with the approval of the county court and without objection by appellant or any other creditor it was abandoned as an asset of the estate, as having no value over and above the amount of the secured indebtedness thereon represented by the foreclosed mortgage. While the Final Decree does not specifically mention the property, its express approval, allowance and settlement of the Administrator's Final Account alleging as it does that the property could not be sold for more than the secured indebtedness and is no longer an asset of the estate, effectively and finally accomplished the abondonment of the farm as an estate asset.

Charged with constructive notice of the proceedings including the Final Report and Account of the administrator, appellant had the opportunity to make timely objection thereto, to move to vacate and set aside the Final Order and Decree of the county court or to appeal therefrom. No such objection was made. No appeal was taken from the final decree nor motion made for its modification or vacation.

Except for its order discharging the administrator and releasing his sureties from liability, the Final Decree was the final order of the county court. It ordered the disbursement of all the remaining assets of the estate by payment of $577 to the Director of Internal Revenue on a claim against the estate for social security and withholding taxes.

■ A decree of distribution which is final is conclusive as to all matters which were properly before the court for determination and as well as to questions and facts which should or might properly have been raised and presented. 34 C.J.S., Executors and Administrators, § 529, page 456.

It is conclusive as to the assets of the estate. Bremerton Creamery & Produce Co. v. Elliott, 184 Wash. 80, 50 P.2d 48; In re Wittwer's Estate, 216 Wis. 432, 257 N.W. 626; Joor v. Joor, 227 Iowa 870, 289 N.W. 463; In re Jackson's Estate, 217 Iowa 1046, 252 N.W. 775, 91 A.L.R. 937; Rountree v. Montague, 30 Cal.App. 170, 157 P. 623.

■ A final judgment is a finality as to the claim or demand in controversy concluding parties and those in privity with them not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matters which might have been offered for that purpose. Ramsey Township v. Lake County, 68 S.D. 67, 298 N.W. 356.

In Moore v. Connecticut General Life Insurance Co., 71 S.D. 512, 26 N.W.2d 691, 694, it was said:

"* * * 'that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, * * *' ".

The finality and conclusiveness of a final decree of distribution as to creditors of an estate is declared by SDC 35.1428 which provides:

"When the accounts of the administrator or executor have been settled and a decree made for the payment of debts and distribution of the estate, no creditor whose claim was not included in the

decree for payment has any right to call upon the creditors who have been paid or upon the heirs, devisees, or legatees, to contribute to the payment of his claim * * *."

And by SDC 35.1616 which reads:

"* * * The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution * * *."

The court had jurisdiction to determine whether or not the property was an asset of the estate and in the absence of an appeal from its order so adjudging its determination is conclusive. Clauson v. Western Surety Co., 64 S.D. 106, 264 N.W. 726; Equitable Life Assurance Society v. Lunning, 64 S.D. 168, 265 N.W. 876; Moore v. Connecticut General Life Insurance Co., 71 S.D. 512, 26 N.W.2d 691; Newton v. Erickson, 73 S.D. 228, 41 N.W. 2d 545; In re ReQua's Estate, 70 S.D. 470, 18 N.W.2d 791; Van Ornum v. Smith, 62 S.D. 534, 254 N.W. 925; SDC 35.1708; SDC 35.1616; In re Parker's Estate, 69 S.D. 579, 13 N.W.2d 421; In re Nelson's Estate, 26 S.D. 615, 129 N.W. 113.

While urging that he was entitled to letters, both of special and general administration, under the provisions of SDC 35.1727 appellant contends that, in substance and effect, his application for such letters was an application for relief under SDC 32.0909(13) which vests the county court with original jurisdiction "For sufficient cause and upon such notice as the court may direct, and subject to the right of bona fide purchasers and incumbrancers, to reopen and correct any order or judgment made by such court * * *." In re Stroup's Estate, 40 S.D. 37, 166 N.W. 155; In re Paddock's Estate, 68 S.D. 179, 299 N.W. 865. But appellant did not seek to reopen and correct any order or judgment of the county court. He sought the vacation of no order made or entered in the probate proceeding. He represented in his Petition for Letters of Administration that the farm had

not been theretofore probated, but should be. In his Petition for Letters of Special Administration he alleged that a valuable equity of redemption was owned by the estate which would shortly expire. Appellant's position is not only inconsistent but untenable. If the property had not been probated there was no order to be vacated; if it had been there could be no further administration. It having been probated and the time for appeal from the final decree having expired, defendant's only remedy in the court was a motion to vacate the final order. No such motion has been made.

To summarize, the Moody County farm sought to be administered upon by appellant was not a newly discovered asset of the estate, but was property inventoried and administered upon in the original probate proceeding. The county court, by its final decree, adjudged and determined that it had no value and approved its abandonment as an estate asset. The title which on testator's death was vested in Marguerite Smith as the sole devisee, was thereby released from all the conditions of administration. The decree is res judicata as to all matters therein determined, and absent any appeal therefrom or a motion to vacate is conclusive as to the rights of the devisee and creditors and is not subject to collateral attack. The appellant's application for letters de bonis non is such an attack.

The order of the circuit court dismissing the appeals thereto from the county court is affirmed.

RUDOLPH, P. J., and SMITH, SICKEL and RENTTO, JJ., concur.

BAKEWELL, Circuit Judge, sitting for ROBERTS, J., disqualified.