SMITH v. TERRY PEAK MINERS' UNION.

Under Laws 1901, p. 205. c. 123, § 2, providing that when a person dies leaving no estate, except personal property of trifling value, the judge of the county court shall take charge of the estate personally, or by some person he may appoint, and pay out of it the burial and other expenses, and set apart to the widow and minor children, if any, the residue, the responsibility of gathering and distributing such property is on the judge and a person appointed by him to take physical possession of the property is a mere custodian, and has not legal capacity to sue, as agent of the county court, to collect from a fraternal society of which deceased was a member a sum for funeral expenses.

(Opinion filed May 8, 1903.)

Appeal from circuit court, Lawrence county.   Hon. FRANK WASHABAUGH, Judge.

Action by Seth R. Smith, as agent of the county court of Lawrence county, in the matter of the estate of Jay Schmoker, deceased, against the Terry Peak Miners' Union. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*H. E. Dewey*, for appellant.

*McLaughlin & McLaughlin*, for respondent.

FULLER, J.   In this action to recover $75 to be applied on the funeral expenses of one of the defendant's deceased member's, a demurrer, on the ground that plaintiff has not legal

capacity to sue, was interposed, and this appeal is from an order sustaining the same.

The first paragraph of the complaint is as follows: "That on the 14th day of December, 1901, he was duly appointed the agent of the county court of said county to settle the estate of Jay Schmoker, deceased, copy of which appointment is hereto annexed, made a part hereof, and marked 'Exhibit A.'"

When a person dies leaving no estate, except personal property of trifling value, section 2, c. 123, p. 205, Laws 1901, provides that: "Thereupon it shall be the duty of the judge of the county court to take charge of said estate personally or by some person he may appoint; and dispose of the same by paying out of it or its proceeds the burial and other expenses and setting apart to the widow or minor children, if any, any residue remaining in the same order and manner provided by the Probate Code but without any of its formalities, and to do all acts and make all orders necessary to carry out the provisions, purposes and intentions of this act." By the provision quoted, the entire responsibility of gathering, disbursing and distributing such personal property of trifling value left by the decedent is placed upon the judge of the county court, who is required to "make all orders necessary to carry out the provisions, purposes and intentions of this act." Some kinds of personal property require special care with which the judge may not be familiar, or the character thereof may be such that he ought not to be required to take physical possession of it. With this in mind, and from other considerations, it was the evident intention of the Legislature to authorize the appointment of a mere custodian, through whom the judge takes charge of the estate for all the purposes mentioned in the

statute.   Being presumptively responsible, as well as officially interested, and familiar with the statutory procedure, he is apparently held answerable for the stewardship of the person by or through whom he may take charge, and probably for that reason the Legislature has not required such appointee to give an undertaking for the faithful discharge of his duty.

Plaintiff, being neither the real party in interest nor in charge of the subject-matter of the action, had no capacity to sue, and the order sustaining the demurrer is affirmed.