BARRIE, et al, Respondents, v. BARRIE, et al. Appellants

(235 N. W. 103.)

(File No. 6957. Opinion filed February 19, 1931.)

*Bruell & Henderson,* of Redfield, for Appellant.
*Roy T. Bull,* of Redfield, for Respondents.

POLLEY, P. J. This is a suit in equity brought by the plaintiffs for the purpose of having a certain mortgage set out in the record, and executed by defendant Marie Barrie as guardian of the plaintiffs, declared fraudulent and void, and enjoining and restraining the defendants, or either of them, from foreclosing said mortgage or asserting any rights or interests thereunder.

The plaintiffs are heirs and devisees under the last will and testament of Norbert Barrie, who died testate in Clark county on or about the 15th day of April, 1917. The defendant Marie Barrie was, until her subsequent marriage, the surviving widow of the said decedent, and acted as the executrix of the said last will and testament of decedent.

By the terms of said will the decedent devised to each of the plaintiffs, in severalty, a tract of 240 acres of land. Each of said

tracts was subject to the payment of certain sums as legacies to other beneficiaries of the will, which sums were to be paid to the legatees as they respectively reached the age of 21 years, and, if not so paid at that time, was to be secured by such devisee, and such legacy was made a lien on such tract of land. The will also contains the provision that the widow should "have the use and control of the lands devised to the four sons mentioned, (plaintiffs), during their minority, and the rents from said lands shall be applied to the support of the family and in payment of interest on monies advanced by her to pay legacies to the daughters as stated above."

The record shows that, after decedent's death, the executrix proceeded to administer his estate. There was sufficient cash and personal property on hand to pay all the debts of the decedent, and all the claims and charges of all kinds against his estate, and, after paying all of such claims, debts, and charges, and after the final discharge of such executrix, there was left to such executrix a considerable amount of personal property and more than $2,000 in cash. She also received under the provisions of said will a farm of 160 acres of land.

Shortly after the settlement of the said estate, the defendant Marie Barrie and her then present husband, who is a brother of the decedent, contracted a large amount of indebtedness, to wit, about $8,000. Of this amount $3,012.04 was due on notes to the Merchants' Bank of Redfield; $3,690.60 on notes to the State Bank of Turton; and about $1,000 to the hardware store in Turton. It does not appear, nor is it claimed, that any part of this indebtedness was contracted for the benefit of, nor on account of plaintiffs, nor that they, nor their property, were in any way liable for any part of this indebtedness.

On the 18th day of September, 1922, Marie Barrie filed a petition in the county court in Spink county praying that she be appointed guardian of the persons and estates of Norbert, Peter, Hector, Victoria, Philip, Alma, and Annie Barrie. These were all minor children of the decedent and the petitioner. On the 11th day of October following, an order was made appointing her guardian as prayed. On the 16th day of January, 1923, said guardian filed a petition in said county court asking authority to mortgage the four several tracts of land that had been devised to these

plaintiffs by said decedent to secure a note for $10,000. In this petition, petitioner assigned as a reason for mortgaging said property that: "There is no personal property to be expended for the care, support and education of the said minors. That your petitioner would show that the reason why the said real estate should be mortgaged in preference to being sold is that your petitioner is entitled to the use of the said real estate during the minority of the said minor heirs and that, there being no personal property to expend in the necessary care, support and education of the said minor heirs, and funds being needed for that purpose and for the further purpose of paying debts, charges, taxes and liens against the said estate, it is necessary for your petitioner to raise funds for the said purposes; and for the further reason that the present low prices paid for real estate make this a disadvantageous and improper time for the sale of this real property."

And in the order granting said petition the court recites as the ground for granting the same that it, "is necessary for the purpose of obtaining funds for the payment of debts, charges, taxes, assessments and liens against and upon said estate, and for making the necessary improvements thereon, and for the maintenance and education of said minor heirs, and that it will be for the benefit of all persons interested."

This order was entered on the 24th day of February, 1923, and on the 26th day of February the said guardian executed three notes, one for $4,000 and two for $3,000 each payable to the Merchants Bank of Redfield, and executed the mortgage involved as security therefor. One of the said notes was signed "Marie Barrie" and also "Marie Barrie, guardian." Upon this note the court found that she was personally liable, but that she was not personally liable on either of the others, nor as guardian on any of them.

Among others, the court made the following finding of fact: "That the funds derived by said Marie Barrie through the execution of such notes and mortgage, were used, at least in part, to pay personal indebtedness of Marie Barrie and her husband, William F. Barrie, at the Merchants Bank at Redfield existing at the time of the execution of the said notes and mortgage, and also to pay personal indebtedness of the said Marie Barrie and William F. Barrie at the State Bank of Turton, of Turton, South Dakota. The officer in charge of said Merchants Bank of Redfield, at the

time of the execution of said notes and mortgage, knew that the proceeds thereof would be used at least in* part, to pay such personal and individual debts of said Marie Barrie and William F. Barrie."

The Merchants' Bank of Redfield became insolvent some time prior to the commencement of this action, and was taken in charge for liquidation by the defendant F. R. Smith.

The trial court made the following conclusion of law: "That the mortgages as set forth in paragraph X of the Findings of fact herein was issued without authority and is not binding upon the plaintiffs herein, nor upon their lands herein set forth, and that such mortgage is void and of no effect, and that the plaintiffs are entitled to the decree of this court cancelling and discharging the same of record and restraining the defendant F. R. Smith as Superintendent of Banks of the State of South Dakota, and the Merchants Bank of Redfield, a corporation, from attempting to foreclose and sell the premises described in such mortgage," and that plaintiffs were the owners in fee, subject to certain charges thereon, not here material, of the said land. Decree was entered accordingly, and, from such decree and an order denying a new trial, defendants F. R. Smith and the Merchants' Bank of Redfield appeal.

Many assignments of error are predicated on the rejection and reception of evidence at the trial, and have no merit except on appellants' theory that this suit constitutes a collateral attack on a regular valid judgment of a court of competent jurisdiction. Appellants contend that this is a collateral attack upon the proceedings in the county court leading to the execution of the mortgage; that the county court had jurisdiction of the subject-matter of the proceedings, and of all parties concerned; that, the county court having found that the petition for authority to execute the mortgage was sufficient to authorize the mortgage, such sufficiency cannot now be inquired into.

 The purpose of this suit is to set aside the mortgage and to restrain any attempt to foreclose the same, but it is not necessary to decide whether this constitutes a direct or collateral attack on the order of the county court. If the petition and order of the county court are void on their face, then the mortgage may be attacked collaterally.

■ The mortgage involved is void for two reasons: First, because the petition for authority to mortgage is insufficient to give the county court jusidiction to enter the order; and, second, because the order is void on its face.

The petition is made by the guardian of several minor wards —"minor heirs of Norbert Barrie, deceased"—and asks to mortgage four separate tracts of land. She does not state who is the owner of such land. She merely asks permission to mortgage it subject to her right to the use and occupation thereof during the minority of the four plaintiffs respectively. Whether the land is owned by the wards at all, or whether it is owned by them jointly or severally, or by a part of them jointly or severally, does not appear. She says that it is necessary to mortgage the land to raise funds for the "care, support and education of said minors," and also for the purpose of "paying debts, charges, taxes and lien against the said real estate." She fails to state how much is needed for any of the various purposes, or whose debts she wished to pay. She does not state that there were any debts, charges, taxes, or liens that constituted claims against any of the land described. She shows that she has the right to use the income from the land until certain of her wards arrived at the age of majority. By the terms of the will, the income from this land was to be used by her for the support of the family. She fails to show whether the income from the land was sufficient or insufficient for the support of the family, and certainly she would not be entitled to mortgage the land of her wards to enable her to support them without showing that the income from the land was not sufficient for that purpose.

■ But, aside from the insufficiency of the petition, the order authorizing the mortgage, and the mortgage itself, are void on their face. It is a fact that was known to all parties in interest that the land incumbered by the mortgage constituted four separate tracts, each owned in severalty by four only of the seven wards of the petitioner. Neither of these tracts could be made liable for any debt or charge against any other person than the owner of that particular tract; yet the mortgage is a blanket mortgage, by the terms of which each particular tract was made liable for claims that might arise against any one, or all, of the seven wards represented by the petitioner. This fact alone is sufficient to render

the mortgage void and entitle plaintiffs to the relief prayed for in the complaint, even though the attack on the proceedings in the county court were collateral only. Reddin v. Frick, 54 S. D. 277, 223 N. W. 50. This disposes of the entire case, and it is unnecessary to consider the further questions submitted on the record.

The judgment and order appealed from are affirmed.

CAMPBELL, J., dissents.

ROBERTS and WARREN, JJ., concur.

BURCH, J., concurs in result.