EQUITABLE LIFE ASSURANCE SOCIETY OF THE U. S., Respondent, v. LUNNING, et al, Appellants.

(265 N. W. 876.)

(File No. 7830.  Opinion filed March 21, 1936.)

*W. A. Morris*, and *B. O. Stordahl*, both of Sioux Falls, for Appellants.

*Boyce, Warren & Fairbank*, of Sioux Falls, for Respondent.

CAMPBELL, J. In 1923 Christina Lunning was the duly appointed, qualified, and acting administratrix of the estate of Helge H. Lunning, deceased, which estate was in process of probate in the county court of Lincoln county, S. D. On October 30, 1923, said administratrix filed in the county court of Lincoln county her petition (which contained all the information, particulars and recitals contemplated by statute. Sections 3334, 3425, R. C. 1919), asking leave and authority to mortgage certain realty of said estate for the sum of $24,000. Due notice of hearing upon said petition was given to the parties and in the manner and form required by law, and as a result of hearing thereon the county court of Lincoln county, on November 27, 1923, duly made and entered its order to the following effect: "It is therefore ordered by the court that said Christina Lunning, as administratrix of the estate of said deceased, be and she is hereby authorized to borrow the sum of $24,000 and to execute her promissory note therefor and a mortgage in form as mentioned in said petition to secure the payment thereof on the property hereinafter described; said note to be payable five years from date, in lawful money of the United States and to bear interest from date, not exceeding 5½ percent per an-

num, and that the buildings on said premises may be insured for further security of the lender, provided that the said administratrix pay only debts properly chargeable against the estate, and that the balance of said loan be distributed among the heirs according to law."

Pursuant to the authority of this order of the county court the administratrix borrowed the sum of $24,000, executing therefor her promissory note as such administratrix, together with a mortgage upon realty of the Helge H. Lunning estate securing the same.

Plaintiff, Equitable Life Assurance Society, purchased this note and mortgage from the payee therein named for full value before maturity and has ever since continued to be the owner and holder thereof. Default having occurred, plaintiff, in 1933, instituted this action in the circuit court of Lincoln county, S. D., to foreclose the mortgage, defendants being interested in said realty as the heirs and distributees of Helge H. Lunning, deceased, or as successors in interest of such heirs.

The complaint was in the usual form for foreclosure. By their answers the defendants contend that the note and mortgage were void in their inception and that the order of the county court of Lincoln county purporting to authorize the execution thereof was likewise void because it was beyond the power or jurisdiction of the county court of Lincoln county to authorize the borrowing of money and mortgaging of assets of the estate for the purposes for which this administratrix desired to borrow said money and mortgage said assets as disclosed by her petition.

The matter coming on for trial, findings, conclusions, and judgment were in favor of the plaintiff, awarding foreclosure of the mortgage, from which judgment and from a denial of their application for new trial defendants have appealed.

That the answers interposed in the court below constitute a collateral attack upon the order of the county court of Lincoln county dated November 27, 1923, authorizing the execution of the mortgage sought to be foreclosed is perfectly clear. One of the issues between the parties in the court below and on this appeal is whether such order is open to collateral attack. Respondent maintains that it is not, while appellants contend that it is, citing and relying upon the language of this court in Reddin v. Frick (1929) 54 S. D. 277, 223 N. W. 50.

Section 20, art. 5 of the Constitution of this state provides in part that "County courts shall be courts of record and shall have original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons."

Section 3173, R. C. 1919, relating to county courts, provides: "The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there are accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of circuit courts."

The conclusion seems inescapable that under the Constitution of this state county courts, so far as concerns matters of probate, guardianship, and settlement of estates, are courts of general jurisdiction, and this court has always so held. Blackman v. Mulhall (1905) 19 S. D. 534, 104 N. W. 250; In re Estate of Stroup (1918) 40 S. D. 37, 166 N. W. 155.

In many states the purposes for which an executor, administrator, or guardian may sell or mortgage property of the estate are quite narrowly limited and specifically and exclusively defined by statute. Manifestly, in those states the court of probate lacks power and authority to authorize sale or mortgage when it clearly and affirmatively appears from the face of the record that the purpose for which leave to sell or mortgage is asked is outside of and foreign to the purposes stated and limited by the terms of the statute. In those states the jurisdiction of the court of probate with reference to selling and mortgaging is in a sense a special, as distinguished from a general, jurisdiction.

We have no statutes limiting in these particulars the general jurisdiction of the county court in probate or guardianship or specifying any purposes for which, and for which only, such courts may grant leave to sell or mortgage. Indeed our statutes affirm the broad and general powers of the county court in reference thereto. Section 3547, R. C. 1919, provides that a guardian may mortgage "by leave of the county court," and section 3548 provides that the guardian shall file a petition setting forth the condition of the estate and the facts and circumstances by reason of which he desires to make the mortgage and that the court may make an order authorizing such mortgage to be given if the court shall find "that

the interest of the ward and of the estate require the mortgage to be made." By section 3534, R. C. 1919, selling of property by a guardian may be authorized when it appears to the satisfaction of the court that it is for the benefit of the ward. By section 3333, R. C. 1919, the county court may authorize a mortgage by an executor or administrator "When it is shown to the satisfaction of the court * * * that it will be for the benefit of the estate" and by the same section a mortgage may be authorized for the purpose of paying an existing lien or mortgage on the property or for renewing an existing mortgage "or for any other purpose for which a sale may be ordered." By sections 3426 and 3430, R. C. 1919, sale by an executor or administrator may be ordered "If it appears to the satisfaction of the court that it is necessary, or that it is for the advantage, benefit and best interests of the estate and those interested therein, to sell the whole or any part of the property of the estate."

It will be thus observed that our statutes not only fail to limit the purposes for which sale or mortgage by a guardian, executor, or administrator may be authorized, but very definitely intrust the whole matter to the county court in reiteration of the broad general jurisdiction conferred on said courts in probate and guardianship by the Constitution.

■ ■ Whenever an executor, administrator, or guardian petitions for leave to sell or mortgage property of the estate, such petition, if in proper form and containing the matter and information contemplated by statute, presents a justiciable question (which is probably a mixed question of law and of fact) as to whether such sale or mortgage (in the case of a guardian) is for the interest and benefit of the ward and the estate or ( in the case of an executor or administrator) is for the advantage, benefit, and best interests of the estate and those interested therein. The precise form of language used in either case is not very material. It is apparent that it was the legislative intention to commit the decision of the matter in each case to the county court without imposing by statute any rules, restrictions, or limitations. In determining such question in any particular case, the court, in deciding whether or not the sale or mortgage is for the advantage, benefit, and best interests of the estate, should be guided by general legal

and equitable principles. But the jurisdiction, power, and authority of the county court to make such determination in every case is not open to doubt. It arises not only from the constitutional grant of general jurisdiction in probate and guardianship, but from the affirmative language of the statutes.

█ If it be conceded, as we think it must, that the county court has power, authority, and jurisdiction to determine when sale or mortgage of realty by a guardian, executor, or administrator should be authorized, then when such a question is presented to a county court by substantial compliance with the statutory requirements as to the method of presenting the question so far as concerns petition and notice, the determination of the court upon such presentation, even if erroneous and even if palpably and egregiously erroneous, is not, in the absence of fraud, open to collateral attack.

This not only seems to us the sound rule, but it is the rule affirmatively established and announced by decision of this court over thirty years ago and ever since followed until Reddin v. Frick. In the Blackman Case, supra, 19 S. D. 534, 104 N. W. 250, 252, there was an attempt collaterally to attack an order of county court authorizing an administrator's sale of realty and the matter was discussed at length and this court, by Presiding Judge Corson, said: "It is contended, as before stated, that the order or decree of the probate court authorizing the sale of the property is not conclusive against collateral attack, for the reason that the facts set out in the petition for the order did not show that there were any valid debts existing and properly allowed, due from the estate, and that all of the real property of the intestate was not described therein. This contention is clearly untenable, for the reason that the probate court had jurisdiction of the subject-matter, and was vested with the power to determine the sufficiency of the petition, and in making the order it must have necessarily determined that the petition was sufficient. This judgment or determination was, in our opinion, conclusive as against a collateral attack. Whether or not it was erroneous or irregular, and would or would not have been reversed upon appeal, it is not necessary now to decide. No appeal was taken, and the judgment is therefore conclusive in this action." The Blackman Case has been frequently followed and

cited with approval. See Van Camp v. Weber (1911) 27 S. D. 276, 130 N. W. 591; In re Estate of Stroup (1918) 40 S. D. 37, 166 N. W. 155; Thompson v. Lake Madison, etc., Ass'n (1919) 41 S. D. 351, 170 N. W. 578; Bottum v. Kamen (1921) 43 S. D. 498, 180 N. W. 948. The Blackman decision established, in substance, a rule of property and on the faith of it titles have passed and have been accepted pursuant to sales in probate and in guardianship and money has been advanced upon mortgage to guardians, executors and administrators. We think the contrary rule announced in Reddin v. Frick was erroneous and ill-advised, and Reddin v. Frick and Barrie v. Barrie (1931) 58 S. D. 82, 235 N. W. 103, in so far as they conflict with the views expressed in this opinion, are now specifically overruled. It is doubtless unnecessary, but probably can do no harm to point out that the situation we are dealing with here is entirely distinguishable from the situation presented in Lessert v. Lessert (1935) 64 S. D. 3, 263 N. W. 559. In the Lessert Case the action was for annulment of marriage. While it is true that the circuit court is a court of general jurisdiction and the court having jurisdiction of suits for annulment of marriage, nevertheless such broad general jurisdiction is circumscribed and restricted by the provisions of section 131, R .C. 1919, specifically stating the causes for which an annulment may be granted. The circuit court is not authorized to annul a marriage whenever it appears to the satisfaction of the court that it is necessary or that it is for the advantage, benefit, and best interests of the parties. Its power and authority in annulment cases are limited by the express words of the statute. Of course every presumption will be indulged in favor of the circuit court's judgment of annulment and the face of the record need not affirmatively show the existence of any of the causes for annulment specified in section 131; but, on the other hand, when it definitely appears from the face of the record (as it did in the Lessert Case) that a cause of action for annulment as specified in section 131 does not exist, then the judgment of annulment is void and subject to collateral attack.

In the instant case, there being no showing of fraud in procuring the order of the county court authorizing the mortgage, and such order being based upon a petition containing the elements required by the statute and made upon statutory notice, and there

having been in all respects a substantial compliance with the statutory requirements in the premises, we are of the opinion that the order authorizing the mortgage was not open to collateral attack in the foreclosure suit. Being of the opinion that the county court order authorizing the mortgage in this case was not subject to collateral attack, sundry questions presented and argued in the brief going to the merits of the attempted attack become immaterial and need not be passed upon. Since the order authorizing the mortgage could not be collaterally attacked, manifestly, the court below arrived at the proper result when it sustained the mortgage and decreed foreclosure thereof.

The judgment and order appealed from are therefore affirmed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur. RUDOLPH, J., disqualified and not sitting.