PORTER, Respondent v. MAD BEAR et al., Appellants

(79 N.W.2d 443)

(File No. 9583. Opinion filed November 20, 1956)

Rehearing denied December 21, 1956

**Morrison & Skaug,** Mobridge, for Defendants and Appellants.

**Donald J. Porter,** Chamberlain, for Plaintiff and Respondent.

SMITH, J.   The single question raised by this appeal which merits our consideration is whether the plaintiff was without legal capacity to bring the action.

To provide a sufficient background for our decision, we briefly outline a portion of the facts developed at the trial.

Robert Francis Mad Bear, who operated a ranch near Wakpala, Corson county, died in May 1954.   In June 1954 Gertrude Mad Bear, his widow, filed her petition in County Court of Corson County, for summary administration; she represented that his estate consisted of 21 cows, 21 calves, 1 yearling heifer, 1 bull and 8 horses, of the aggregate value of $2,400, and that he left no homestead.   The court has

neither heard that petition nor has it determined whether summary administration of the estate can be decreed. In July 1954 the county court entered an ex parte order setting aside to Gertrude Mad Bear, as a widow's additional allowance under SDC 35.1303, 15 cows and 15 calves of the estate. There were 47 head of cattle on the ranch branded with the brand of the deceased. These 47 head of cattle were sold by Gertrude Mad Bear to defendant John Bass on October 9, 1954. On October 16, 1954 these cattle were checked into the defendant, Mobridge Commission Company, Inc., in the name of John Bass as consignor and were sold at the auction of the commission on October 21, 1954. The proceeds less the commission were paid to Bass.

At the time of his death, Robert Mad Bear was indebted to Mamie Mad Bear for a considerable sum under an unsatisfied judgment entered in the Circuit Court, Sixth Judicial Circuit, Hyde County, South Dakota, on the 9th day of March 1953. On January 22, 1955 the above named William G. Porter filed his petition in County Court of Corson County wherein he represented that Robert Francis Mad Bear, a resident of Corson county, died in that county in May 1954; that he left personal property in Corson County of a value not to exceed ten thousand dollars consisting among other items of about 50 head of cattle; that the widow of deceased and other persons had embezzled or wrongfully alienated the described cattle; and it was necessary that an action be commenced without delay to recover such personalty. He also represented he was the attorney for the above named creditor of the estate, and that the loss of the described cattle would render the estate insolvent. Thereupon Mr. Porter was appointed and qualified as special administrator, and this action was instituted. The jury returned a verdict for the plaintiff for actual damages of $1,607.29 and punitive damages of $1,500. The defendants questioned the capacity of plaintiff to sue, and they present that point here by appropriate assignment.

In argument the defendants make two contentions predicated upon the fact that summary proceedings were pending at the time the order was made appointing a special administrator.

First, they state that our statutes dealing with summary administration, SDC 35.07, do not provide for the appointment of a special administrator. Such is the fact. However, this truth is without significance because our law dealing with the appointment of special administrators clothes the county court with power to appoint such an administrator "in any case where on account of immediate need or urgency the court is satisfied it would be to the advantage, benefit, and best interests of the estate." SDC 35.0601. Hence, if the court was convinced that there was urgent need for the appointment of a special administrator, it was not without power to act, unless the pendency of summary administration proceedings abridged the broad powers granted by SDC 35.0601. Thus we are lead to a consideration of the second contention of the defendants.

They assert that in summary administration the control and possession of the property of the estate is in the county judge, who in legal effect is the administrator of the estate. Based upon this assumption, and reasoning by analogy from those decisions which hold a court to be without power to appoint either a special or a general administrator while letters of an executor or of an administrator remain in force, Cf. § 48 and § 1035, Executors and Administrators, 33 C.J.S. p. 955, 34 C.J.S. p. 1298, they arrive at the conclusion that the county court was without jurisdiction to appoint a special administrator during the pendency of the summary administration. The contention is untenable.

The assumption that in summary administration the county judge is in effect the administrator of the estate rests upon the phrasing of our original statutes dealing with the administration of estates of trifling value to which this court made reference in Smith v. Terry Peak Miners' Union, 16 S.D. 631, 94 N.W. 694, viz., " 'Thereupon it shall be the duty of the judge of the county court to take charge of said estate personally * * * .' " Section 2, Ch. 123, Laws 1901. The quoted language was removed from our statutes by the amendments made by Ch. 192, Laws 1919. Further a wholly new summary administration procedure was enacted with the 1939 revision of our statutes. Under SDC

35.07 summary administration is authorized if the estate does not exceed the limitations in value fixed by SDC Supp. 35.0701. When a petition conforming to SDC Supp. 35.0702 is filed in county court, the court must fix a time for hearing and give notice thereof as provided by SDC 35.0703. If upon hearing the court determines the value of decedent's estate exceeds the limitations fixed by SDC Supp. 35.0701, it must dismiss the petition. If upon so hearing the petition it should determine the valuation of the estate to be within such limitations, the court must then proceed in a summary manner to determine and adjust the respective rights of all persons interested in the estate as provided by SDC 35.0705, and enter a decree of distribution as required by SDC 35.0706. The sole provision for laying hold of any of the property of the estate by the court is found in SDC 35.0707 wherein provision is made for an agent of the court for the purpose of making any sale necessary to distribution of the property.

■■ It is settled that title to the property of the estate, subject to the powers of the courts in probate, vests in the heirs, legatees or devisees at death of the decedent. In re Smith's Estate, 76 S.D. 11, 71 N.W.2d 577; In re Guider's Estate, 63 S.D. 495, 260 N.W. 828; and SDC 56.0103. The obvious purpose of the legislature in enacting SDC 35.07 was to provide a simple procedure for determining and decreeing the rights of all persons in the property of a class of estates which, because of their value, should not be burdened with the expense or subjected to the delays incident to general administration. Not only do we fail to find any words in these statutes which lend support to the assumption of the defendants that the legislature intended to place the possession and control of the property in the county judge during the pendency of the summary proceedings, but we also fail to find any provision of these statutes indicating the legislature intended the court should be without power to appoint a special administrator during the pendency of summary proceedings.

■ At the time Mr. Porter's petition was filed, the county court had not determined whether the property of the estate could be summarily distributed among those interested therein. The record reveals that because the de-

fendants were converting the property of the estate, the county court concluded there was urgent need for the appointment of a special administrator to serve as a plaintiff in bringing this action. It is our holding that it acted within its powers in making that appointment. If it abused its discretion and erred in so doing, its order is not open to collateral attack in this action. Bottum v. Kamen, 43 S.D. 498, 180 N.W. 948; Equitable Life Assurance Society v. Lunning, 64 S.D. 168, 265 N.W. 876; and In re ReQua's Estate, 70 S.D. 470, 18 N.W.2d 791.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

All the Judges concur.