BLACK, Appellant and LINDSTROM et al., Respondents

v.

UNKNOWN CREDITORS ETC. OF JOEL LINDSTROM, DECEASED,
Defendant

(155   N.W.2d   784)

(File No. 10459.   Opinion filed January 23, 1968)
Rehearing denied March 18, 1968

**Bogue & Weeks,** Vermillion, for appellant.

**Brady Kabeiseman & Light,** Yankton, **Dewie J. Gaul,** Sioux City, Iowa, for respondents.

MUNDT, Circuit Judge.

This is an action to quiet title to eighty acres of land in Clay County, South Dakota. The action was commenced by the plaintiffs against the unknown creditors, executors, or administrators, or heirs at law, devisees or legatees of Joel Lindstrom, deceased. After the commencement of the action, it developed that there was a controversy as to the proportion each plaintiff was to receive. The trial court decreed each plaintiff was entitled to an undivided one-third interest in and to the 80-acre tract and entered its judgment and decree quieting title in the plaintiffs in such proportion. From this judgment and decree, plaintiff, Margaret M. Black, appeals.

It appears from the stipulated facts, that A. M. Lindstrom died testate on July 25, 1934, a resident of Clay County, South

Dakota. In his will, he devised the eighty acres mentioned in the quiet title action, to his son, Joel Lindstrom, by the following language:

"[T]o be his for the remainder of his life only, and then to his heirs with no mortgage or encumbrance."

The will was admitted to probate and a final decree of distribution entered July 18, 1935. One provision of the decree reads as follows:

"That the north half of the southeast quarter of Section 34, Township 94, Range 52, West of the Fifth P.M. in Clay County, South Dakota, is hereby decreed to pass to Joel Lindstrom, to be held by him and for his benefit during his lifetime, free of all encumbrance, and after his death to his heirs, **share and share alike**". (Emphasis added)

No appeal from this decree was taken. At the time of the entry of the final decree, Joel Lindstrom had two children, Margaret Lindstrom (now Margaret M. Black) and Marvin M. Lindstrom.

Joel Lindstrom died on July 4, 1966. He left surviving him as his only heirs, his daughter, Margaret M. Black, and two grandchildren, Gerald Lee Lindstrom and Janet Rae Corcoran, children of his deceased son, Marvin M. Lindstrom, who died April 1, 1963.

The principal question presented for determination in this appeal is, whether the County Court exceeded its jurisdiction by decreeing a contingent remainder to the heirs of Joel Lindstrom "share and share alike". Except for this phrase in the final decree, one-half of the property would have vested in Margaret M. Black, and the other one-half in the two children of Marvin M. Lindstrom, deceased, by right of representation. SDC 56.0104(1).

Appellant contends the trial court, in the quiet title action, sitting as a court of equity and confronted with the unusual circumstances presented, had jurisdiction to determine and decide who were the persons entitled to inherit the contingent remainder upon the death of Joel Lindstrom, and the proportion

or part to which each person was entitled; that the County Court had jurisdiction only to probate the A. M. Lindstrom estate, and to distribute the property therein contained in accordance with the directions of the testator's will.

A final decree of distribution is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal. SDC 1960 Supp. 35.1708.

This court has held that it is necessary in the administration of an estate, for the County Court to determine the estate that passes under the terms of the will, and that if such court construes a will to pass an estate greater than in reality was conveyed by the will, such construction and determination is final and the decree of distribution in the estate assigning the property is conclusive. Kirby v. Western Surety Company, 70 S.D. 483, 19 N.W.2d 12; Higgins et al. v. Higgins et al., 71 S.D. 17, 20 N.W.2d 523.

Although a County Court is one of limited jurisdiction, its adjudications are of equal rank with judgments of courts of general jurisdiction, import the same degree of verity, and are not subject to collateral attack in the absence of fraud. Such a decree may be erroneous but, if it is rendered upon due process and no appeal is taken therefrom, it becomes final and conclusive. In re Qua's Estate, 70 S.D. 470, 18 N.W.2d 791; Bechard et al. v. Union County, 71 S.D. 558, 27 N.W.2d 591.

Appellant, in her brief, cites the case of Reddin v. Frick, 54 S.D. 277, 223 N.W. 50, to support her contention that the County Court had no jurisdiction to enter a final decree in variance with the terms of the will. The Reddin case involved the jurisdiction of a County Court in authorizing a guardian to mortgage real estate belonging to her and her two minor daughters for a prior indebtedness incurred by her. The Reddin case, as pointed out in respondent's brief, was overruled by Equitable Life Assurance Society of the United States v. Lunning, 64 S.D. 168, 265 N.W. 876. In the Equitable Life Assurance case, this court said:

"If it be conceded, as we think it must, that the county court has power, authority, and jurisdiction to deter-

mine when sale or mortgage of realty by a guardian, executor or administrator should be authorized, then when such a question is presented to a county court by substantial compliance with the statutory requirements as to the method of presenting the question so far as concerns petition and notice, the determination of the court upon such presentation, even if erroneous and even if palpably and egregiously erroneous, is not, in the absence of fraud, open to collateral attack.

"This not only seems to us the sound rule, but it is the rule affirmatively established and announced by decision of this court over thirty years ago and ever since followed until Reddin v. Frick. * * * We think the contrary rule announced in Reddin v. Frick was erroneous and ill-advised, and Reddin v. Frick and Barrie v. Barrie (1931) 58 S.D. 82, 235 N.W. 103, in so far as they conflict with the views expressed in this opinion, are now specifically overruled." .

Appellant also contends that if the County Court had jurisdiction to enter the final decree distributing the property to the heirs of Joel Lindstrom, share and share alike, then such decree is ambiguous, uncertain and void, for the reason that, at the time of the entry of that decree, Joel Lindstrom had no heirs; that he had two living children who were only prospective heirs, and whether either child might be living upon the death of Joel Lindstrom was sheer speculation and therefore ambiguous.

A similar issue was presented in the case of Newton v. Erickson, 73 S.D. 228, 41 N.W.2d 545. In the Newton case, the will of Alfred Newton, deceased, left a life estate in certain realty to his son, Charley (Charlie) J. Newton, with the remainder to all of his children, share and share alike. At the time of the testator's death, Charlie J. Newton had two children, Clarence Newton and Alfred V. Newton. The final decree, entered March 5, 1918, distributed the land in fee simple to Clarence Newton . and Alfred V. Newton, grandsons of said decedent, and the only children of Charlie J. Newton, and to any other child or children of said Charlie J. Newton that may hereafter be born,

subject to a life estate in Charlie J. Newton. Thereafter, Charlie J. Newton had two more children, Edwin, born January 13, 1920, and Delmar, born January 30, 1926.

Subsequently, a quiet title action was brought in Circuit Court by Charlie J. Newton and his two oldest sons, seeking to change the final decree. It was also urged in this case, that the decree was ambiguous and uncertain in its terms, and that it was susceptible of various interpretations, none of which conformed to the true meaning of the will. In answer to such contention this court said,

> "If such ambiguity existed it was within the power of the circuit court to declare the meaning of the language used by the county court * * * Language is ambiguous when it is reasonably capable of being understood in more than one sense. The final decree, as quoted herein assigns to Charley J. Newton a life estate in section 9, and to Clarence Newton, Alfred Newton, and any other children of Charley J. Newton born after the entry of the decree, all the remainder, share and share alike. It is susceptible of no other interpretation."

We must conclude, as did the trial court, that there is no ambiguity or uncertainty in the wording of the final decree; that the County Court had jurisdiction and that its determination is not open to collateral attack.

The judgment of the Circuit Court is affirmed.

All the Judges concur.

MUNDT, Circuit Judge, sitting for ROBERTS, J., disqualified.